# EXHIBIT A

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

DAUPHIN COUNTY _____ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: 2022-cv-7391-cv | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☑ Complaint
- ☐ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

Lead Plaintiff's Name: **Anita Robinson**
Lead Defendant's Name: Commw. of Pa, Office Attonrey Genreal

**Are money damages requested?** ☑ Yes ☐ No

Dollar Amount Requested: (check one) ☐ within arbitration limits ☑ outside arbitration limits

**Is this a Class Action Suit?** ☐ Yes ☑ No     **Is this an MDJ Appeal?** ☐ Yes ☑ No

Name of Plaintiff/Appellant's Attorney: Andrew S. Abramson
- ☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** (do not include Mass Tort)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (does not include mass tort)
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** (do not include Judgments)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☑ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*

RECEIVED

2022 OCT -3 PM 1:40

DAUPHIN COUNTY
SHERIFF'S OFFICE
HARRISBURG, PA 17101

Andrew S. Abramson, Esq.
attorney id. no. 57015
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike - Suite 205
Blue Bell, PA 19422                                                Attorney for Plaintiff

IN THE COURT OF COMMON PLEAS, DAUPHIN COUNTY, PENNSYLVANIA
CIVIL DIVISION

ANITA ROBINSON

       Plaintiff,

v.                                                            no. 2022-CV-7391-CV

THE COMMONWEALTH OF PENNSYLVANIA,
OFFICE OF ATTORNEY GENERAL

       Defendant.

## NOTICE

    You have been sued in court. If you wish to defend against the claims set forth in the following pages you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

    **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE GO TO OR TELEPHONE THE OFFICES SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

        Dauphin County Bar Association
        213 N Front Street
        Harrisburg, PA 17101 phone: 717-232-7536

                /S/ Andrew S. Abramson, Esq.

                _____
                Andrew S. Abramson, Esq.
                attorney id. no. 57015
                Abramson Employment Law, LLC
                790 Penllyn Blue Bell Pike - Suite 205
                Blue Bell, PA 19422

Dated:  September 23, 2022          Attorney for Plaintiff Anita Robinson

Andrew S. Abramson, Esq.
attorney id. no. 57015
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike - Suite 205
Blue Bell, PA 19422                              Attorney for Plaintiff

IN THE COURT OF COMMON PLEAS, DAUPHIN COUNTY, PENNSYLVANIA
CIVIL DIVISION

ANITA ROBINSON

       Plaintiff,

   v.                                    no. 2022-cv-7391-CV

THE COMMONWEALTH OF PENNSYLVANIA,
OFFICE OF ATTORNEY GENERAL

       Defendant.

## COMPLAINT

Anita Robinson, an African American Human Resource Analyst, who was terminated at age 59 after a 21-year career in human resources, files this action against her former employer, the Commonwealth of Pennsylvania, Office of Attorney General, which immediately after the termination advertised an open Human Resources Analyst position for which it hired a substantially younger, Caucasian employee.

### Nature of Claim

1.  Plaintiff Anita Robinson files this Complaint against Defendant the Commonwealth of Pennsylvania, Office of Attorney General, alleging that the termination of her employment constitutes age and race discrimination under the Pennsylvania Human Relations Act, 43 P. S. §955(a), et. seq. ("PHRA"); and race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 ("Title VII).

2

## Jurisdiction and Venue

2.     This Court has jurisdiction over this matter because Plaintiff resides in the Commonwealth of Pennsylvania and Defendant regularly conducts business and maintains a principal place of business in Dauphin County, PA.

3.     Venue is appropriate in this Court because the principal events giving rise to this action occurred in Dauphin County, PA.

4.     Plaintiff has complied with the applicable administrative remedies by first filing Charges with the Equal Employment Opportunity Commission ("EEOC"), Charge no. 530-2021-04596, on August 12, 2021, and simultaneously filing a dual Complaint with the Pennsylvanian Human Relations Commission.

5.     On September 14, 2022, the EEOC issued a Notice of Right to Sue indicating that the EEOC has terminated processing of the EEOC Charge, and that Plaintiff has the right to file a lawsuit in court.

6.     As more than one year has passed since the dual filing of Plaintiff's Complaint with the Pennsylvania Human Relations Commission ("PHRC"), Plaintiff has the right to file a lawsuit in court to pursue her claims under the PHRA. See 43 Pa. C. S. §962(c)(1)

7.     The amount in controversy exceeds $50,000.00.

## Parties

8.     Plaintiff Anita Robinson is an individual who resides at 7259 Capital Drive, Harrisburg, PA 17111.

9.     Defendant the Commonwealth of Pennsylvania, Office of Attorney General ("OAG") is Pennsylvania's top law enforcement agency, which maintains its principal place of

3

business at Pennsylvania Office of Attorney General, Strawberry Square, 15th floor, Harrisburg,

PA 17120.

10.    The OAG has a wide range of responsibilities to protect and serve the citizens and

agencies of the Commonwealth and is served by a staff of several hundred prosecutors,

attorneys, investigators, agents and support staff in offices across the state, divided into four

sections: the Criminal Law Division, the Public Protection Division, the Civil Division and the

Operations Division.

11.    At all times relevant hereto, Defendant was acting through its agents, servants and

employees, who were acting within the scope of their authority during their employment and

under the direct control of Defendant.

## FACTUAL BACKGROUND

12.    Robinson is a 60-year-old African American female.

13.    In September 1999, Robinson commenced employment with the OAG.

14.    Robinson was continuously employed for over 21 years, until her employment

was terminated on April 13, 2021.

15.    Robinson last earned an annual salary of $71,990.00, plus employment benefits.

16.    Robinson was last employed as a Human Resource Analyst III (EEO Officer), a

position that she assumed as of 2014.

17.    Robinson's duties as Human Resource Analyst III (EEO Officer) included serving

as the first point of contact for EEO matters, serving as a secondary point of contact for

employee / labor relations matters, including providing guidance for employees and managers to

assist with performance, management, special projects, and general inquiries.

18.    Prior to being designated as an EEO Officer, during Robinson's career at OAG

she had substantial experience in Labor Relations.

19. During Robinson's career at OAG her duties in Labor Relations included:

a.   conducting investigations involving union covered employees and non-union employees including EEO, sexual harassment, and hostile work environments investigations;

b.   interacting with Labor Relations Officers and union representatives to discuss potential resolutions of grievances and employment actions;

c.   regular participation in discussions for non represented employees and their employment actions;

d.   participation in Meet & Discussions;

e.   providing guidance to department management on union issues and policy;

e.   conducting training for supervisors and managers in conjunction with the Labor Relations Officer on topics such as just cause, due process and evaluations.

20. When Robinson was reassigned as an EEOC officer, her former duties were initially distributed to Miranda Shirk (race: Caucasian, approximate age: late 20's/early: 30's), Lauren Beaston (race: Caucasian, approximate age: 30's), and Mandy Saul (race: Caucasian, approximate age: early 30's)

21. Throughout her employment with OAG, Robinson received satisfactory Performance Appraisals.

22. The OAG has a Progressive Disciplinary Policy

23. Robinson was never provided with any verbal or written warnings regarding job performance, or any Performance Improvement Plan.

24.     As of April 13, 2021, there were eight Human Resource Analysts who reported to Sherri McGraw, Human Resources Director:

      a.     Robinson (race: African American, age 59);

      b.     Nicole Kreiser (race: Caucasian, approximate age: 40's);

      c.     Lauren Beaston (race: Caucasian, approximate age: 30's);

      d.     Mandy Saul (race: Caucasian, approximate age: early 30's);

      e.     Miranda Shirk (race: Caucasian, approximate age: late 20's/early: 30's);

      f.     Courtney Bailey (race: Caucasian, approximate age: mid 20's);

      g.     Alixandra Eichelberger (race: Caucasian, approximate age: late 20's/early 30's);

      h.     Erika Nale (race: Caucasian, approximate age: early 40's).

25.     On April 13, 2021, Robinson was called to a meeting with Sherri McGraw, Human Resources Director, and Jodi L. Lobel, Executive Deputy Attorney General of Operations, and advised that her employment was terminated immediately due to "restructuring of the Human Resources Section."

26.     OAG's proffered reason for terminating Robinson is pretextual.

27.     Robinson was not notified that any work performance issues whatsoever were reason for the termination.

28.     In April 2021, Robinson was the only Human Resources Analyst who was terminated, and each of the substantially younger, Caucasian Human Resource Analysts remain employed.

29.     Erika Nale subsequently resigned on May 11, 2021.

30.     Immediately after terminating Robinson, OAG issued a job posting for an open

Human Resource Analyst III (*See* Exhibit "A").

31.     OAG hired Bania Tonelotti ("Tonelotti") (Caucasian, approximate age: 35) for the open Human Resource Analyst III job.

32.     Prior to being hired as a Human Resource Analyst III, Tonelotti had never worked for the OAG.

33.     Tonelotti has substantially less human resources experience than Robinson.

34.     OAG has recently exhibited a pattern and practice of terminating "older" employees and replacing them with substantially younger employees.

35.     OAG employees who have 25 years of service are eligible for a super annuitization retirement, Retirement Employees Health Program ("REHP"); and are eligible for sick leave payout.

36.     As Robinson did not have 25 years of service, she was not eligible for the super annuitization retirement, the Retirement Employees Health Program, or sick leave payout.

37.     Robinson also participated in the State Employee's Retirement System ("SERS"), in which retirement benefits increase based upon an employee's years of service and salary.

38.     In terminating Robinson, OAG has discriminated against Robinson based upon her race.

39.     In terminating Robinson, OAG has discriminated against Robinson based upon her age.

40.     Sherri McGraw, OAG Human Resources Director; and Jodi L. Lobel, OAG Executive Deputy Attorney General of Operations, aided and abetted the discriminatory conduct by creating a false reason for the termination of Robinson's employment, asserting that the termination was due to a "restructuring" when there was a calculated plan to instead replace

7

Robinson.

## COUNT I

### VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT

### 43 P. S. §955(A), et. seq.

### AGE DISCRIMINATION

41.     Paragraphs 1 to 40 are incorporated herein by reference, as if set forth in full.

42.     Robinson was treated differently than substantially younger, similarly situated Human Resource Analysts.

43.     In terminating Robinson's employment and employing a substantially younger individual to perform the duties previously performed by Robinson, OAG has discriminated against Robinson based upon her age.

44.     OAG's articulated reason for terminating Robinson's employment is pretextual.

45.     OAG's decision to terminate Robinson's employment was arbitrary and capricious, and based on a discriminatory animus towards older employees in the workplace.

46.     OAG's conduct is per se unlawful and constitutes unlawful age discrimination in violation of the PHRA.

WHEREFORE, Plaintiff Anita Robinson requests that this Court enter judgment in her favor and against Defendant the Commonwealth of Pennsylvania, Office of Attorney General, and that this Court award Plaintiff all relief available under the Pennsylvania Human Relations Act, including monetary damages exceeding $50,000.00, in the form of all compensation and monetary losses, which Plaintiff has been denied, including back pay, front pay and prejudgment interest; reinstatement; compensatory damages; reasonable attorneys' fees; expert witness fees; costs; and any other relief which the court deems appropriate.

## COUNT II

### VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT

### 43 P. S. 955(a), et. seq.

### RACE, COLOR DISCRIMINATION

46.     Paragraphs 1 to 45 are incorporated herein as if set forth in full.

47.     Robinson is a member of a protected class under the PHRA as she is a black / African American.

48.     Robinson was qualified to perform all duties which she was performing when OAG terminated her employment.

49.     The termination of Robinson's employment constitutes an adverse employment decision by OAG.

50.     Robinson was treated differently than similarly situated Caucasian Human Resource Analysts who are members of a different race than Robinson.

51.     In terminating Robinson's employment and employing a new hired Caucasian Human Resource Analyst, OAG has discriminated against Robinson based upon her race.

52.     OAG's articulated reason for terminating Robinson's employment is pretextual.

53.     The actions of OAG in subjecting Robinson to discrimination in the terms, conditions and privileges of her employment violate the PHRA.

54.     As a direct result of the aforesaid conduct Robinson has sustained permanent and irreparable harm.

55.     OAG's termination of Robinson's constitutes unlawful discrimination in violation of the PHRA, which prohibits discrimination based upon race and color.

WHEREFORE, Plaintiff Anita Robinson requests that this Court enter judgment in her

9

favor and against Defendant the Commonwealth of Pennsylvania, Office of Attorney General,

and that this Court enter a declaratory judgment that Defendant's actions complained of herein,

violate Pennsylvania Human Relations Act; and award Plaintiff damages exceeding $50,000.00,

in the form of all compensation and monetary losses which she has been denied including back

pay, compensatory damages, costs, and all other relief permitted under applicable law.

## COUNT III

### VIOLATION OF TITLE VII, 42 U.S.C. §2000e-2, et. seq.

### RACE, COLOR DISCRIMINATION

56.    Paragraphs 1 to 55 are incorporated herein as if set forth in full.

57.    Robinson is a member of a protected class under Title VII as she is a black / African American.

58.    Robinson was qualified to perform all duties which she was performing when OAG terminated her employment.

59.    The termination of Robinson's employment constitutes an adverse employment decision by OAG.

60.    Robinson was treated differently than similarly situated Caucasian Human Resource Analysts who are members of a different race than Robinson.

61.    In terminating Robinson's employment and employing a new hired Caucasian Human Resource Analyst, OAG has discriminated against Robinson based upon her race

62.    OAG's articulated reason for terminating Robinson's employment is pretextual.

63.    The actions of OAG in subjecting Robinson to discrimination in the terms, conditions and privileges of her employment violate the Title VII.

10

## VERIFICATION

I, hereby aver that the factual statements in the forgoing are true and correct to the best of my knowledge information and belief and that these statements are made subject to the penalties relating to unsworn falsification to authorities.

Anita Robinson

Dated: September 23, 2022

Civil Law Division

OCT 0 5 2022

Office of Attorney General
RECEIVED

HARRISBURG, PA 17101
SHERIFF'S OFFICE
DAUPHIN COUNTY

2022 OCT -3 PM 1:40

RECEIVED

SHERIFF OF DAUPHIN CO., PA.

TRUE COPY ATTESTED